UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARCELLUS BETTY | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-0457 |
| | ] | Judge Trauger |
| ARVIL CHAPMAN, WARDEN | ] | |
| Respondent. | ] | |

# O R D E R

The Court has before it a *pro se* prisoner petition under 28 U.S.C. § 2254 (Docket Entry No. 1), for writ of habeas corpus, and an application to proceed in forma pauperis (Docket Entry No. 2).

The petitioner is an inmate at the South Central Correctional Center in Clifton, Tennessee. It appears from the application that he lacks sufficient financial resources from which to pay the fee required to file the petition. Therefore, petitioner's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

In 2002, a jury in Davidson County found the petitioner guilty of aggravated robbery, aggravated burglary, two counts of especially aggravated kidnapping, evading arrest and reckless endangerment. For these crimes, he received an aggregate sentence of forty nine (49) years in prison.

The sole claim in the instant petition is that "the Tennessee Court should have applied the correct legal standard regarding kidnapping to the petitioner's case. In light of State v. White, 362 S.W. 3d 559; had the proper conviction been applied petitioner would be serving a lesser conviction of 49 years." Docket Entry No. 1 at pg. 3.

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth

factual allegations demonstrating that "he is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). The petitioner has not made such a claim. Rather, he believes that his sentence is too long due to a misapplication of state law. This claim does not suggest custody in violation of federal law. Therefore, the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

For that reason, the petition is DENIED and this action is hereby DISMISSED. Rule 4, Rules --- § 2254 Cases.

Should the petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, 28 U.S.C. § 2253, which will NOT issue because the petitioner has failed to make a "substantial showing of the denial of a constitutional right".

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge